# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NEVADA TITLE COMPANY, | ) | |
| Plaintiff, | ) | 2:07-cv-00650-RLH-PAL |
| v. | ) | **ORDER AND REPORT OF FINDINGS AND RECOMMENDATION** |
| LIL RASCALS, et al., | ) | (P/M to Interplead - ## 7, 10) |
| Defendants. | ) | |

This matter is before the court for an order and report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule IB 1-4, on Plaintiff Nevada Title Company's ("NTC") Motion to Interplead Funds (#7) and Request for Decision on Motion to Interplead Funds (#10). The court has considered NTC's motion and request for decision. No response was filed and the time for filing one has run.

## BACKGROUND

NTC is trustee under a Deed of Trust encumbering real property located at 2210 and 2220 East Calvada Boulevard, Pahrump, Nevada. On July 27, 2006, NTC caused to be recorded a "Notice of Breach and Election to Sell Under Deed of Trust" in connection with its obligations as trustee. Foreclosure proceedings occurred on November 22, 2006, with the successful bidder placing a bid of $701,000.00. Because the costs, fees, charges, and satisfaction of NTC's obligation to the beneficiary only totaled $626,173.17, NTC was left with a surplus of $74,826.83. Numerous entities (now "defendants") claim an interest in the surplus funds, while NTC claims no interest in the funds. Unsure to which entity it should disburse the funds, NTC filed a complaint (#1-2) in interpleader against defendants in the state District Court of Nye County, Nevada on March 15, 2007. Of the nine

defendants named in the complaint, six filed an answer in state court, including defendants G. Raymond Staley, Shannon Staley, Nevada Employment Security Division, the Internal Revenue Service ("IRS"), and U.S. Small Business Association ("SBA"). The IRS and SBA removed the state action to this court (#1) on May 17, 2007.

NTC filed a Motion for Scheduling Conference (#6) and a Motion to Interplead Funds (#7) on July 9, 2007. No response to the motion (#7) was filed and the time for filing one has run. The court held a scheduling conference (#9) October 16, 2007, at which the court gave NTC 15 days to file all papers, pleadings on file, proof of service, and any pleadings filed on behalf of responding defendants. Government attorney Carlos A. Gonzalez affirmatively represented that the government had no objection to NTC's Motion to Interplead (#7). The court then gave NTC 15 days to file proof of service of the complaint and motion (#7) and make a request for decision on the motion (#7) providing proof that all parties have been served and that no party has filed a response or objection. NTC filed a Request for Decision on Motion to Interplead Funds (#10) October 24, 2007. Attached to the Request (#10) are proofs of service on all nine defendants of the complaint (Exhs. "2-10"), the Motion to Interplead Funds (#7) (Exh. "14"), and the Motion for Scheduling Conference (#6) (Exh. "13"). No response to the request (#10) was filed and the time for filing one has run.

**DISCUSSION**

In its Motion (#7), NTC claims it has no interest in the surplus funds, has no knowledge as to the validity of the defendants' claims to the funds, has fulfilled its escrow duties, does not want to be subject to multiple costs and liabilities, and is willing to pay the funds to whomever is entitled to them. NTC therefore requests the court to determine who is entitled to the surplus, instruct NTC how to distribute the funds, and dismiss it from any liability to any of the defendants. NTC also seeks an award of reasonable attorney fees and costs incurred in bringing this action in the modest amount of $812.50 in attorney fees and $697.85 in costs. The motion contends satisfaction of all the potential claims in the public record, totaling $68,008.96, would leave a balance of $6,817.87, which is more than enough to satisfy NTC's attorney fees and costs. The Request for Decision (#10) summarizes the procedural history, the papers and pleadings filed, and service made upon defendants, and requests the court grant its Motion to Interplead Funds (#7) and dismiss NTC from this action.

The court will grant the Motion to Interplead (#7) for two reasons. First, none of the defendants filed an opposition to the motion and the response time has run. Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Also, counsel for the government affirmatively represented at the October 16, 2007 scheduling conference (#9) that the government did not oppose NTC's motion (#7).

Second, the court is persuaded that interpleader is proper under the circumstances. Interpleader is an equitable remedy available to a stakeholder faced with multiple conflicting claims to the stake. It is a device that enables the stakeholder to force all claimants into one forum to adjudicate their claims, and permits the stakeholder to "bow out," leaving those with a real interest in the stake to litigate their claims. Atlas Corp. v. Marine Ins. Co., 155 F.R.D. 454 (S.D.N.Y. 1994). "[I]nterpleader is a remedial device which is to be applied liberally." First Interstate Bank of Ore. v. United States, 891 F.Supp. 543, 546 (D.Or. 1995), citing, State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 533 (1967). Fed. R. Civ. P. 22(1) provides that, "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Rule 22(1) does not grant the court subject matter jurisdiction, "and thus for the interpleader to be proper under Rule 22(1) it must be within some statutory grant of jurisdiction." Gelfgren v. Repub. Nat'l Life Ins. Co., 680 F.2d 79, 81 (C.A.9 1982).

Here, this court has subject matter jurisdiction under 28 U.S.C. § 1441(a)(1), which allows the United States to remove a case to district court when the federal government is sued. Moreover, NTC is an innocent stakeholder because it was merely acting as trustee under the Deed of Trust and does not claim an interest in the surplus funds. The court finds that NTC served the defendants with the complaint (#1-2), Motion for Scheduling Conference (#6), and the Motion to Interplead Funds (#7). NTC should be dismissed from this lawsuit because it may be subject to the multiple and competing claims of the defendants to the funds.

In addition, NTC is entitled to reasonable attorney fees and costs. Included in the equitable nature of interpleader is the court's discretion to award attorney fees and costs to a disinterested stakeholder. Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir. 1984); Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982); William W. Schwarzer, A. Wallace

Tashima, James M. Wagstaffe, Federal Civil Procedure Before Trial 10:70 (The Rutter Group 2007). The court's decision to award attorney fees and costs to a disinterested stakeholder reflects the understanding that the disinterested stakeholder should not incur the expense of defending against multiple litigation, and that the interested parties have benefitted by the interpleader's early determination of ownership over the stake. <u>Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.</u>, 306 F.2d 188, 193 (9th Cir. 1962). The court finds the amount of NTC's request for attorney fees and costs is modest and reasonable.

## CONCLUSION

The court has subject matter jurisdiction over NTC's Rule 22 interpleader action pursuant to 18 U.S.C. § 1441(a)(1). Interpleader is proper because no opposition to the motion (#7) was filed, counsel for the United States defendants has affirmatively requested that the court grant the motion, and NTC is an innocent stakeholder potentially subject to multiple liability. Furthermore, NTC should be awarded its reasonable attorney fees and costs.

For all of the foregoing reasons,

**IT IS ORDERED** that:

1.  Plaintiff NTC's Motion to Interplead Funds (#7) and Request for Decision (#10) are GRANTED.
2.  Plaintiff NTC shall deposit the surplus funds totaling $74,826.83, less $812.50 in attorney fees and $697.85 in costs, with the Registry of the Court.

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that all potential claims for liability against NTC be dismissed and NTC discharged from this matter.

Dated this 13th day of November, 2007.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE